UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

KADIA BINNS

    Plaintiff,

v.

THE REGIONAL ADJUSTMENT BUREAU, INC., a Tennessee corporation

    Defendant.

## COMPLAINT

COMES NOW, the Plaintiff, KADIA BINNS, hereinafter "Plaintiff" by and through the undersigned counsel and hereby brings this action against Defendant, THE REGIONAL ADJUSTMENT BUREAU, INC., hereinafter "Defendant", for actual and statutory damages for violations under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter the "FDCPA"), and in support thereof alleges as follows:

### JURISDICTION

1. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1331 and §1337(a), and §15 U.S.C. §1692k(d).

2. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

### VENUE

3. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1391, as the unlawful practices alleged herein took place in Miami-

Dade County, Florida and the Defendant is a Tennessee corporation whose transacts business in Miami-Dade County, Florida and venue, therefore, properly lies in this Court.

## PARTIES

4. Plaintiff, Kadia Binns is an individual residing in the County of Miami-Dade, State of Florida, and is a "consumer" as defined by 15 U.S.C. §1692a(3).

5. Defendant, The Regional Adjustment Bureau, Inc., is a Tennessee corporation, and has its principal place of business in Miami-Dade County, Florida where it engages the collection of consumer debts and is therefore defined as a "Debt Collector" pursuant to 15 U.S.C §1692a(6).

## BACKGROUND

6. The Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"), was enacted in 1978 to eliminate abusive practices in the collection of consumer debts, to promote fair debt collection and to provide consumers with an means for disputing and obtaining validation of debt information to ensure the information's accuracy.

7. Plaintiff is alleged to have incurred a financial obligation to Fifth Third Bank in the sum of $ 774.47  Such amounts is a "debt" as defined by 15 U.S.C. §1691a(5).

8. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of consumer debts.

9. On February 19, 2013, Defendant contacted the Plaintiff by telephone.

10. The telephone calls were placed by the Defendant.

11. On February 19, 2013, "Theodore", in an effort to collect the alleged debt on behalf of Defendant, telephoned Plaintiff (i.e. communication) requesting payment.

12. The communication failed to properly and timely disclose that Defendant is a debt collection in violation of 15 U.S.C. § 1692e(11).

13. The FDCPA has been construed by Federal Courts as a strict liability statute that is to be construed liberally so as to effectuate its remedial purpose. *See Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996).

14. Federal Courts have held that the failure to properly identity oneself as a debt collector in a communication, constituted a valid claim under the FDCPA. *Anchondo v. Anderson, Crenshaw & Associates, LLC,* 583 F.Supp.2d 1278 (D. New Mexico 2008).

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 et seq.

15. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 14, herein.

16. Defendant's communication occurring on February 19, 2013 failed to timely disclose to Plaintiff that Defendant was a debt collector, in violation of 15 U.S.C. § 1692e(11).

17. The foregoing acts and omissions of Defendant constitute violations of the FDCPA.

18. As a result of Defendant's FDCPA violations, Plaintiff has suffered costs and expenses as well as actual damages and is thus entitled to an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1), statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorneys fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendant.

WHEREFORE, Plaintiff, prays that this Court enter judgment against the Defendant for

an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant, statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), against Defendant, an award of costs of litigation and reasonable attorneys fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant, and other such relief in the discretion of this Court.

## JURY TRIAL DEMAND

19. Plaintiff request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: March 11, 2013

        MILITZOK & LEVY, P.A.
        Attorneys for Plaintiffs
        The Yankee Clipper Law Center
        3230 Stirling Road, Suite 1
        Hollywood, Florida 33021
        (954) 727-8570 - Telephone
        (954) 241-6857 – Facsimile
        mjm@mllawfl.com

        By: /s/ Matthew J. Militzok
        MATTHEW J. MILITZOK, ESQ.
        Fla. Bar No.: 0153842